**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TITO JACKSON, individually and on behalf of others similarly situated, | : : : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| ALPHARMA INC., | : |
| Defendants. | : |
| | : |
| | : |

Civ. No. 07-3250 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief Judge**

This matter comes before the court upon the motion of defendant Alpharma Inc. ("Alpharma" or "Defendant") to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the state law class claim of plaintiff Tito Jackson ("Jackson" or "Plaintiff"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332. The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will deny Defendant's motion to dismiss.

## I.       BACKGROUND

On July 10, 2007, Jackson filed a Complaint on behalf of himself and other similarly situated individuals alleging claims under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(2)(C) ("FLSA"),  and the New Jersey Wage Collection Law,  N.J.S.A. 12:56-6.1 ("WHL"), against Defendant for unpaid wages and overtime pay.  Defendant moved to dismiss the WHL class claims, which would proceed under Federal Rule of Civil Procedure 23, because Rule 23 "is

irreconcilable with [a] putative FLSA collective action." (Def. Br. at 1.) Defendant states that under Rule 23, "the putative class members are automatically included in the lawsuit unless they expressly opt-out," whereas the FLSA "limits collective actions by requiring an employee to affirmatively opt-in to the litigation." (Def. Br. at 1-2.)

On November 5, 2007, Jackson filed an Amended Complaint. In the Amended Complaint, Jackson alleges that he worked as a sales representative for Alpharma from 2004-2006. (Am. Compl ¶ 14.) During this time he "worked, on average, more than 55 hours each week but was not compensated for time worked in excess of 40 hours." (Id.) Jackson purports to represent "a group of approximately 200 employees, known among other titles, as 'Sales Representatives' or 'Regional Account Specialists'" who were also not compensated for time worked in excess of 40 hours each week. (Id. ¶¶ 8, 28.) With respect to the WHL claims, the Amended Complaint states that Plaintiff "seeks to certify this as a class action pursuant to Rule 23(b)(2) and 23(b)(3)." (Id. ¶ 27.) Importantly, in the Amended Complaint, Jackson asserts that the New Jersey state claims are predicated on original jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). (Id. ¶ 3.)

On November 5, Plaintiff also filed an opposition to the motion to dismiss. Plaintiff argues that the cases cited in Defendant's moving brief are distinguishable because they involve situations where the state claims are predicated on supplemental jurisdiction, not CAFA jurisdiction. (Pl. Opp. Br. at 1.) Jackson asserts that "if Alpharma's motion to dismiss were granted, he could file his state law class action in this Court the following day and Alpharma would be in the same boat as it is in now except that it would have to defend two lawsuits instead of one." (Pl. Opp. Br. at 7.)

2

Defendant replies that CAFA does not provide a basis for subject matter jurisdiction over the New Jersey claims because the purported class does not meet the CAFA requirement that the class contain 100 or more potential members.  (Def. Reply Br. at 3.)  Defendant cites the Certification of Regina Donohue ("Donohue Cerification"), the Director of Human Resources at Alpharma, and asserts that "only 19 individuals worked as sales representatives for Alpharma . . . in the State of New Jersey during the three years preceding the filing of the Complaint."  (Id.)  Similarly, Defendant argues that Plaintiff has not alleged that the value of the 19 New Jersey claims is less than the $5 million required under CAFA.   (Id.) Finally, Defendant contends that regardless of the jurisdictional basis for the claims, the FLSA and New Jersey claims are incompatible and therefore the claims should not be litigated together. (Id. at 8–13.)

On November 28, 2007, after receiving permission from the Court, Plaintiff filed a sur-reply, in which he argues that the Court should not consider the Donahue Certification in ruling on the motion to dismiss.  (Sur-Reply at 1.)  Plaintiff also argues that the WHL is not limited to New Jersey residents or employees physically within New Jersey.  (Id. at 3-4.)  Plaintiff contends that all Alpharma Representatives were "employees" under the WHL because they were paid from New Jersey and that the office of the Alpharma Representatives, to the extent that they have one, is in New Jersey.  (Id. at 4.)

Two days later Defendant filed a letter asserting that Plaintiff does not cite to any cases extending the WHL to employees outside of New Jersey.

## II.    STANDARD OF REVIEW

A claim will survive a motion under Rule 12(b)(6) if it states plausible grounds for the plaintiff's entitlement to the relief sought. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955,

1965-66 (2007) (abrogating the <u>Conley</u> standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  <u>Id.</u> at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  <u>Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1420 (3d Cir.1997) (<u>quoting</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).  In considering the present Rule 12(b)(6) motion to dismiss, the Court "must accept all well pleaded allegations . . . as true and view them in the light most favorable to" the non-moving party.  <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985).

Generally, a court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir.1997).  A court may do so, however, if the document is integral to or explicitly relied upon in the complaint, without converting the motion into one for summary judgment.  <u>Id.</u>  This exception is based on the rationale that the primary problem raised by considering documents outside the complaint-lack of notice-does not apply where the plaintiff has actual notice and has relied on the documents in framing the complaint.  <u>Id.</u>

### III.    DISCUSSION

#### A.    CAFA Jurisdiction and the Donohue Certification

Plaintiff contends that under the Amended Complaint, CAFA provides the jurisdictional basis for the WHL class action claim.[1]  For CAFA jurisdiction to exist, the class must contain 100 or more potential members and the matter in controversy must exceed the sum or value of $5,000,000.  28 U.S.C. § 1332(d).  The Amended Complaint states that the proposed class contains "at least 200 individuals" and that "the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs." (Am. Compl. ¶¶ 3, 29.)

As described above, Defendant asserts that, in fact, only 19 individuals have worked as sales representatives for Alpharma in New Jersey during the relevant time period and therefore CAFA jurisdiction is improper.  (Def. Reply Br. at 4.)  Defendant also asserts that CAFA jursidiction is improper because "Plaintiffs cannot in good faith allege that the 19 prospective class members . . . could collectively claim $5 million in overtime compensation."  (Def. Reply Br. at 7.)  In support of these factual assertions, which are contrary to the allegations in the Amended Complaint, Defendants relies solely on the Certification of Regina Donohue ("Donohue Certification").  Ms. Donohue states that she examined company records and that "[o]nly 19 employees have worked for the Company as sales representatives in the State of New Jersey since July 1, 2004."  (Donohue Cert. ¶ 4.)

Defendant contends that the Court should consider the Donohue Certification because it "is offered to address a factual issue integral to the Complaint as to which plaintiffs have provided no support."  (Def. Reply Br. at 4 n.2).  The Court disagrees.  Although the Court may

---

[1] Contrary to Defendant's assertion (Def. Reply Br. at 8 n.5), the Amended Complaint was procedurally proper because a party can amend its pleadings once as of right "at any time before a responsive pleading is served."  Fed R. Civ. P. 15(a).  Defendant's motion to dismiss pursuant to Rule 12(b)(6) is not a "responsive pleading" under Rule 15(a).  Sunset Financial resources, Inc. v. Redevelopment Group V, LLC, 417 F. Supp. 2d 632 (D.N.J. 2006).

consider a document that is integral to the complaint, <u>Burlington Coat</u>, 114 F.3d at 1426 (citation omitted), that does not mean that the Court may consider any document offered to address an integral factual issue.  The Court in <u>Burlington Coat</u> clarified that, on a motion to dismiss, the rationale for considering documents integral to or explicitly relied upon in the complaint "is that the primary problem raised by looking to documents outside the complaint - lack of notice to the plaintiff - is dissipated '[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint.'"  <u>Id.</u> (citations omitted); <u>see also</u> <u>In re Donald J. Trump Casino Sec. Litig.</u>, 7 F.3d 357, 368 n. 9 (3rd Cir.1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document") (citation omitted).  Here, the Amended Complaint pre-dated the Donohue Certification by one week.  Thus, Plaintiff could not have relied upon it in framing the Amended Complaint and had no notice of the Donohue Certification prior to drafting the Amended Complaint.  The Donohue Certification does not become "integral to . . . the Complaint" merely because it addresses a central factual issue in the Complaint.

Moreover, the Donohue Certification does not even properly address the factual issue of whether "there are 200 potential members" of the WHL class.  The Amended Complaint proposes a class consisting of both "Sales Representatives" and "Regional Account Specialists." (Am. Compl. ¶¶ 8, 28.)  The Donohue Certification addresses only the number of "sales representatives" in New Jersey.  (Donohue Cert. ¶ 4).  The Donohue Certification does not address the number of "Regional Account Specialists."

For the above reasons, the Court will not consider the Donohue Certification at this time. Moreover, given the absence of discovery in this case, the Court will not now convert the motion

6

into one for summary judgment.  Because the Court will not consider the Donohue Certification
at this time, the Court must reject Defendant's arguments that Plaintiff has not alleged
jurisdiction under CAFA.

### B.    CAFA and FLSA Compatability

In the Amended Complaint, Plaintiff asserts both a FLSA class action and a WHL class
action.  Plaintiff seeks to have the WHL class action proceed under Federal Rule of Civil
Procedure 23(b)(2) and 23(b)(3).  On the other hand, "FLSA plaintiffs" cannot certify a class
under Rule 23.  De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003).  "The
principal difference between FLSA class actions and Fed. R. Civ. P. 23 class actions is that
prospective plaintiffs under the FLSA must consent to join the class."  Id.[2]

The Third Circuit, in De Asencio, confronted the apparent conflict between FLSA opt-in
actions and Rule 23 opt-out actions in the context of supplemental jurisdiction.  The De Asencio
court ruled that a district court should not exercise supplemental jurisdiction over a state law
class claim where the state action predominates.  In a "case-specific analysis," the Third Circuit
reasoned that "the inordinate size of the state-law class, the different terms of proof required by
the implied contract state-law claim, and the general federal interest in opt-in wage actions
suggest the federal action is an appendage to the more comprehensive state action."  Id. at 310.
Numerous lower courts in this Circuit have since declined to exercise supplemental jurisdiction

---

[2] The FLSA provides, in relevant part, that "[n]o employee shall be made a party plaintiff
to any such action unless he gives his consent in writing to become such a party and such consent
is filed in the court in which such action is sought." 29 U.S.C. § 216(b).  Unnamed members of
classes certified under Rule 23(b)(3) are included in the class unless they opt out.  Barabin v.
Aramark Corp., No. 02-8057, 2003 WL 355417, at *1 (3d Cir. Jan. 24, 2003). Unnamed
members of classes certified under Rule 23(b)(2) cannot opt out.  Id.

over state law class action claims where FLSA claims were also asserted.  See, e.g., Hyman v.

WM Fin. Servs., Inc., No. 06-CV-4038 (WJM), 2007 WL 1657392 (D.N.J. June 7, 2007)

(declining to exercise supplemental jurisdiction and dismissing state claims that 'essentially

mimic" the FLSA claim); Herring v. Hewitt Associates, Inc., No. 06-267 (GEB), 2006 WL

2347875 (D.N.J. August 11, 2006) (dismissing state claims predicated on supplemental

jurisdiction); Himmelman v. Continental Casualty Co., No. 06-166 (GEB), 2006 WL 2347873

(D.N.J. August 11, 2006) (same); Aquilino v. Home Depot U.S.A., Inc., No. 04-4100 (PGS),

2006 WL 2023539 (D.N.J. July 18, 2006) (denying motion for class certification and declining to

exercise supplemental jurisdiction over state law class claims); Moeck v. Gray Supply Co., No.

03-1950 (WGB), 2006 WL 42368 (D.N.J. Jan. 6, 2006) (granting motion for summary judgment

and denying motion for class certification on supplemental state class claims due to conflict

between Rule 23 opt-out provisions and opt-in requirements of the FLSA claims).[3]

Defendant argues that the above line of cases supports dismissal of the WHL class claims

due to the "inherently incompatible" of the state claims with the FLSA.  But these cases are not

directly applicable because Plaintiff asserts an independent jurisdictional basis for the state law

claims.  Defendant does not cite any cases dismissing state law claims predicated on CAFA

jurisdiction due to an inherent incompatibility with the opt-in provisions of the FLSA.  Indeed, in

De Asencio, the Third Circuit acknowledged that a court "could have subject matter jurisdiction

over two federal claims, one requiring opt-in and the other opt-out.  For example, a federal

---

[3]Although not specifically discussed in the short unpublished opinions in Herring and
Himmelman, the state law claims dismissed in those cases were predicated on supplemental
jurisdiction.  See Case No. 06-166, Docket Entry 1, ¶ 3 (asserting that there was "supplemental
jurisdiction over Plaintiff's state law claims"); Case No. 06-267, Docket Entry 1, ¶ 3 (same).

employment discrimination action might be brought by a plaintiff class that also maintains an

FLSA overtime pay action." 342 F.3d at 310 n.14.  But the Third Circuit cautioned that "the

outcome may be different where one of the claims is based on state law." Id.

Plaintiff claim that "whether state law claims predicated on CAFA jurisdiction can be

asserted along side a FLSA cause of action" is "a matter of first impression in this Circuit."

(Pl.'s Opp. Br. at 4.)  Therefore, Plaintiff refers the Court to what they assert to be "the two

courts squarely addressing the issue," both from outside the Third Circuit.  In Westerfield v.

Washington Mutual Bank, No. 06-CV-2817, 2007 WL 2162989 (E.D.N.Y. July 26, 2007), a

judge in the Eastern District of New York denied a motion to dismiss, ruling that the Rules

Enabling Act, 28 U.S.C. § 2072(b) did not mandate dismissal of the state law class claims.[4]  The

Court does not find the analysis in Westerfield particularly helpful because, Defendant does not

argue that the Rules Enabling Act requires dismissal and neither party has briefed the issue.[5]

Plaintiff also cites Ellison v. Autozone Inc., No. C06-07522 MJ, 2007 WL 2701923, at *3

(N.D.Cal. Sept. 13, 2007) wherein a judge in the Northern District of California denied a motion

to strike state law class claims, ruling that it was "premature to strike Plaintiff's state law claims,

especially since this Court has independent jurisdiction over these claims under CAFA."   The

---

[4] The Rules Enabling Act provides that rules of practice and procedures "shall not abridge, enlarge or modify a substantive right."  28 U.S.C. § 2072(b).  The defendant in Westerfield argued that Rule 23 abridged, enlarged or modified the substantive rights provided by the FLSA.   The court concluded that the opt-in right under § 216(b) of the FLSA was not a substantive right, and "is not modified or abridged in any way by permitting a state law opt-out class to proceed alongside the FLSA opt-in class in the same case."

[5]The Court notes that a court in the Western District of Wisconsin recently followed the reasoning in Westerfield and denied a motion to dismiss state law class claims predicated on CAFA jurisdiction.  Sjoblom v. Charter Commc'n, LLC, No. 07-cv-0451-bbc, 2007 WL 4560541, at *5-6 (W.D. Wis. Dec. 19, 2007).

9

Ellison court stated that "Defendant may ultimately be able to demonstrate that having concurrent opt-in and opt-out proceedings is unworkable or would unduly confuse potential plaintiffs, this is a fact-specific and case management issue."  Id.

This Court likewise concludes that it is premature to dismiss Plaintiff's state law claims, given that Plaintiff has alleged that this Court has independent CAFA jurisdiction over the claims.  On a 12(b)(6) motion it is Defendant that "has the burden of showing no claim has been stated." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).  Here, Defendant has not described any basis on which the Court could dismiss state law claims predicated on CAFA jurisdiction.  Indeed, assuming that CAFA jurisdiction exists, it is unclear what would be accomplished by dismissal of the state claims, because Plaintiff could simply file a separate lawsuit in this district solely on the basis of the state claims.  Moreover, at the class certification stage of the litigation, the parties will have a clearer picture of the nature and extent of the claims, and the Court will be better equipped to address the issues relating to the opt-in and opt-out procedures.[6]  For these reasons, dismissal at this stage of the litigation is inappropriate.

Finally, the Court will not now determine whether "plaintiffs cannot meet the basic requirements for a class action" under Rule 23 because of "plaintiffs' inability to meet the

---

[6] The Court notes that in a recent opinion, the Western District of Pennsylvania denied preliminary class certification of state law claims predicated on CAFA jurisdiction due, in part, to the "impermissible conflict" between the opt-in and opt-out requirements.  See Ellis v. Edward D. Jones & Co., L.P., Civil No. 06-66, 2007 WL 4426615 (W.D.Pa. Dec. 18, 2007).  In making this determination, the Ellis court analyzed the conflict using a preemption analysis.  Defendant does not argue that the WHL claims are preempted by the FLSA.  Thus the Court will not now address this issue.

'numerosity' requirement."  (<u>See</u> Def. Reply Br. at 8-9.)  This issue is better addressed at the class certification stage.

### IV.    CONCLUSION

For the foregoing reasons, Alpharma's motion to dismiss is denied.  An appropriate form of order is filed herewith.


Dated: February 21, 2008

    s/ Garrett E. Brown, Jr.

GARRETT E. BROWN, JR., U.S.D.J.
